## ANDREW ANDERSON

*v.*

## THE PEOPLE OF THE STATE OF ILLINOIS.

1. INDICTMENT—*selling liquor.* Under the statute providing that every person not having a legal license to keep a grocery, who shall barter, sell, exchange or otherwise dispose of, for his gain or benefit, any vinous, spirituous or mixed liquors in less quantities than one gallon, or shall permit the same to be done on his premises, for his gain and benefit, shall forfeit, etc., objection was made to an indictment that it did not aver that the defendant sold the liquor for *his gain* or *benefit*, or that he sold it *upon his premises*: *Held*, that neither averment was necessary.

2. STATUTE—*construction of.* Under the above statute, the words "for his gain or benefit," do not apply to the words "barter, sell, exchange," but to the phrase "otherwise dispose of," which immediately precedes the words in question, and is to be read in connection with them alone. So of the phrase "on his premises." This has no application to the man who sells, but only to him who "permits" the sale.

WRIT OF ERROR to the Circuit Court of Ford county; the Hon. A. J. GALLAGHER, Judge, presiding.

Mr. M. D. BROWN, for the plaintiff in error.

Mr. WASHINGTON BUSHNELL, Attorney General, for the People.

Mr. CHIEF JUSTICE LAWRENCE delivered the opinion of the Court:

This was an indictment for selling liquor without a license, on which the defendant was convicted.

The statute provides that every person not having a legal license to keep a grocery, who shall barter, sell, exchange, or otherwise dispose of, for his gain or benefit, any vinous, spirituous or mixed liquors, in less quantities than a gallon, or shall permit the same to be done on his premises, for his gain and benefit, shall forfeit, etc.

It is objected that the indictment does not aver that the defendant sold the liquor for his gain or benefit, or that he sold it upon his premises. Neither averment was necessary. The words "for his gain or benefit," used in the statute, do not apply to the words " barter, sell, exchange," but to the phrase " otherwise dispose of," which immediately precedes the words in question, and is to be read in connection with them alone. So of the phrase " on his premises." This has no application to the man who sells, but only to him who " permits " the sale. The construction in both these matters is so plain that discussion is unnecessary.

The instructions did not mislead, and the evidence sustains the verdict.

The judgment is affirmed.

*Judgment affirmed.*